UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.   CR-06-0003-WFN |
| Plaintiff/Appellee, ) | |
| -vs- ) | ORDER DENYING MOTION TO RECONSIDER |
| ROBERT RAE, ) | |
| Defendant/Appellant. ) | |

The Court received a letter from Defendant Robert Rae dated March 7, 2006. The Court will construe the letter as a Motion for Reconsideration of this Court's Order Dismissing Appeal with Prejudice, filed March 2, 2006 (Ct. Rec. 17).[1]

The Court has reviewed the file, the letter construed as a Motion for Reconsideration, and is fully informed. For the reasons stated below the Motion is denied.

**BACKGROUND**

Defendant was convicted for speeding 16-20 mph over the posted speed limit in violation of 36 C.F.R. 4.21(c) and R.C.W. 46.61.400.16 at a bench trial before Magistrate Judge Cynthia Imbrogno on October 25, 2005 (Ct. Rec. 3). On the same day Judge Imbrogno imposed a fine of $40.00, $20.00 collection fee, and $10.00 Special Assessment. On

---

[1] Ex parte communication by letter to the Court is not appropriate. Issues may be raised with the Court by motion. Thus, the Court will liberally construe the letter filed by the pro se Defendant as a motion so that the Court may properly address it.

ORDER DENYING MOTION
TO RECONSIDER- 1

November 9, 2005, Defendant filed a "Notice and Demand to Vacate Void Judgment, and for Injunctive Relief from Criminal Fraud" (Ct. Rec 4). The Court originally denied the Motion (Ct. Rec. 5) but when the Motion was re-filed (Ct. Rec. 6) the Court liberally construed the filing as a Notice of Appeal and entered Judgment *nunc pro tunc* to October 25, 2005 (Ct. Rec. 8).[2] This allowed the Defendant to challenge his conviction in an appeal to this Court pursuant to Federal Rule of Criminal Procedure 58(g)(2).

This Court entered a briefing Order on the appeal (Ct. Rec. 12). Defendant returned this Court's Order of January 30, 2006, stamped on each page with the words "Refused for Cause Without Dishonor And Without Recourse to Me" (Ct. Rec. 14). It appeared to the Court that the Appeal was not consistent with Defendant's wishes because he had returned the Order, because he had not paid the appeal filing fee and because he had filed a Grievance against the Government attorney in which he stated that there was no way his Notice and Demand to Vacate a Void Judgment should have been construed to be an appeal.

This Court issued an Order to Show Cause why the appeal should not be dismissed with prejudice (Ct. Rec. 15). Defendant filed an answer which unequivocally represented that he had not filed an appeal and advised that he had filed a Complaint of Judicial Misconduct against Judge Imbrogno as she had fraudulently construed a void judgment as an appeal. This Court concluded that Defendant did not wish to pursue the appeal and it was dismissed with prejudice on March 2, 2006 (Ct. Rec. 17). Five days later the Defendant wrote a letter to the Court which does not dispute the dismissal of the appeal but which states that Defendant did intend to proceed with his Notice and Demand to Vacate a Void Judgment." He further asked what it meant to close a file, and whether his driving record has been expunged and all collection efforts ceased.

---

[2] The Judgment was filed 1/23/06, Ct. Rec. 10.

ORDER DENYING MOTION
TO RECONSIDER- 2

## DISCUSSION

The Court will address the Defendant's questions in turn:

1. Defendant asks what "close the file" means. When a file is closed it means the proceedings have been completed. This Court closed the file because it was apparent from Defendant's filings that he did not wish to proceed with an appeal.

2. Defendant asks if the driving record was expunged and all collection efforts ceased. The short answer is no. Defendant's conviction and sentence stand because they have not been overturned on appeal. Defendant has the obligation to fulfill the responsibilities placed upon him by the Judgment.

Defendant indicates he wants to proceed with his Notice and Demand to vacate a Void Judgment. While the Federal Rules of Criminal Procedure provide for appeals of convictions pursuant to Rule 58(g) there is no provision to challenge a judgment using the procedure Defendant has selected to the exclusion of the appeals process. The Magistrate Judge gave this pro se Defendant every possible opportunity to challenge his conviction by construing his Notice as an Appeal. This Court gave him the opportunity to continue with the appeal by showing cause why it should not be dismissed, even when Defendant's actions were literally and patently not consistent with an intent to pursue the appeal. Although the Court is required to construe pro se litigant's filings liberally, the Court can only do so much to save Defendant's from making decisions that may not be in the Defendant's best interest. The Court will not reconsider the dismissal of the appeal with prejudice. Accordingly,

**IT IS ORDERED** that:

1. The March 7, 2006 letter from Defendant shall be **FILED** as a Motion for Reconsideration.

2. The March 7, 2006 letter from Defendant, construed as a Motion for Reconsideration, is **DENIED.**

ORDER DENYING MOTION
TO RECONSIDER- 3

3. Defendant is further advised that if he wishes to appeal this ruling he must file with the District Court Executive, a Notice of Appeal to the Ninth Circuit Court of Appeals **WITHIN TEN DAYS** of the date of this Order. This Court makes no representation that the appeal will be permitted by the Ninth Circuit, given the fact that Defendant did not perfect his appeal before this Court.

The District Court Executive is directed to file this Order and provide copies of the letter and Order to counsel and to the pro se Defendant.

**DATED** this 14th day of March, 2006.

                                        s/ Wm. Fremming Nielsen
                                             WM. FREMMING NIELSEN
03-14                              SENIOR UNITED STATED DISTRICT JUDGE